UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION     MDL No. 1431
                                      (MJD/JGL)

This Document Relates to All Actions     Pretrial Order No. 1

---

IT IS HEREBY ORDERED:

1. Consolidation of Related Actions. Any other actions filed that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all purposes pursuant to Federal Rules of Procedure 42 and MDL Order dated December 18, 2001.

2. Caption of Case. All orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION     MDL No. 1431
                                      (MJD/JGL)

This Document Relates to ["All Actions" or
specify by title and case number the individual
applicable cases if the document relates to less
than all of the consolidated cases.]

3. The original of this order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred similar action which is related to and consolidated with this action. The Clerk of Court will maintain docket and case files under the caption referred to in ¶ 2 above. All orders, pleadings, motions and other

1

FILED JAN 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

documents will, when filed and docketed in the master file, be deemed filed and docketed in each other case.

4. Any other action(s) pending, subsequently filed or transferred to this Court which arise(s) out of the acts or transactions alleged in the Consolidated Action will be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5. Initial Conference. The Court will conduct an initial conference on April 1, 2002 at 9:30 a.m. in Courtroom 14E, United States District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

(a) Attendance. To minimize costs and facilitate a manageable conference, parties are not required to attend but shall be represented at the conference. Parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) Service List. This Order is being mailed to the persons shown on Attachment A, which has been prepared from the list of counsel forwarded to this Court by the Judicial Panel on Multidistrict Litigation. Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.

(c) Other Participants. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

6. Purposes; Agenda. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). The items listed in the *Manual for Complex Litigation (Third)*, sections 21.21 and 40.1 shall, to the extent applicable, constitute a tentative agenda. Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda.

7. Preparations for Conference.

(a) Procedures for Complex Litigation. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation (Third)*, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) Initial Conference of Counsel. Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class actions allegations, motions, and trial.

(c) Preliminary Reports. Counsel will submit to the court by March 18, 2002, a brief written statement indicating their preliminary understanding of the facts

involved in the litigation and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

(d) List of Affiliated Companies and Counsel. To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court on March 18, 2002, a list of all companies affiliated with the parties and all counsel associated in the litigation.

(e) List of Pending Motions. Counsel's statement shall list all pending motions.

(f) List of Related Cases. Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

8. Interim Measures. Until otherwise ordered by the Court:

(a) Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

(b) Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c) Pending and New Discovery. Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties

from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) Preservation of Records. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. Subject to further order of the Court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the Court.

(e) Motions. No motion shall be filed under Rules 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

(f) Orders of Transferor Courts. All Orders by transferor Courts imposing dates for pleadings or discovery are vacated.

9. Later Filed Cases. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

DATED: Jan. 16, 2002

_____
MICHAEL J. DAVIS
United States District Judge

Attachments:

A - Service List

DOCKET: 1,431 - In re Baycol Products Liability Litigation
STATUS: Transferred

TRANSFEREE INFORMATION
　Dist: MN
　Judge: Davis, Michael J.
　Date: 12/18/01

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Beck, Philip S.<br>Bartlit, Beck, Herman, Palenchar & Scott<br>54 West Hubbard Street<br>Chicago, IL 60610 | => Bayer Corp.*#; Bayer, A.G.*; Bayer, Inc.; Group Bayer |
| Becnel, Daniel E. Jr.<br>Law Offices of Daniel E. Becnel, Jr.<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084 | => Clark, William Scott; Lanclos, Michael Wayne; Schexnayder, Linda* |
| Blumenthal, Norman B.<br>Blumenthal, Ostroff & Markham<br>2255 Calle Clara<br>La Jolla, CA 92037 | => Stauss, Arnold |
| Branch, Turner W.<br>Branch Law Firm<br>2025 Rio Grande Blvd., N.W.<br>Albuquerque, NM 87104 | => Mitchell, Ina; Prescot, Betena; Williams, Hervey |
| Cummings, John J. III.<br>Cummings, Cummings & Dudenhefer<br>416 Gravier Street<br>New Orleans, LA 70130 | => Swink, Mary* |
| Davis, Samuel L.<br>Davis, Saperstein & Salomon, P.C.<br>375 Cedar Lane<br>Teaneck, NJ 07666 | => Gautier, Lora |
| Equels, Thomas K.<br>Holtzman, Equels & Furia<br>16 West Pine Street<br>Orlando, FL 32801 | => Smith, Melissa Elaine |
| Evans, John C.<br>Specter Specter Evans & Manogue, P.C.<br>Koppers Bulding<br>26th Floor<br>Pittsburgh, PA 15219 | => Woods, Doyle* |
| Federman, William B.<br>Federman & Sherwood<br>120 North Robinson<br>Suite 2720<br>Oklahoma City, OK 73102 | => Dowling, Gloria*; Hartman, Jack*; Sparks, Steven L.* |
| Fox, Frederic S.<br>Kaplan, Fox & Kilsheimer, L.L.P.<br>805 Third Avenue<br>22nd Floor | => Sternberg, Evelyn* |

NOTE: Please refer to the title page for complete report scope and key.
　* Signifies that an appearance was made on behalf of the party by the representing attorney.
　# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

CASE 0:11-cv-01313-MJD-SER   Document 6   Filed 06/13/11   Page 8 of 10

December 18, 2001
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST
(1,431 Panel Attorney Service List Cont'd)                                                    Page: 2

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| New York, NY 10022 | |
| Friedman, Brad<br>Milberg, Weiss, Bershad, Hynes & Lerach, LLP<br>One Pennsylvania Plaza<br>New York, NY 10119 | => Seiffer, Arnold* |
| Gauthier, Wendell H.<br>Gauthier Downing LaBarre Beiser & Dean<br>3500 N. Hullen Street<br>Metairie, LA 70002 | => Fritzinger, John J.; Robinson, Burnell |
| Goldser, Ronald S.<br>Zimmerman Reed, P.L.L.P.<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55402 | => Dubberly, Raymond |
| Goodman, William F. III.<br>Watkins & Eager<br>P.O. Box 650<br>Jackson, MS 39205 | => Bayer Consumer Care |
| Green, Robert S.<br>Girard & Green, L.L.P.<br>160 Sansome Street<br>Suite 300<br>San Francisco, CA 94104 | => Gleiberman, Clotildes; Srsich, Patricia* |
| Helmsing, Frederick G.<br>Helmsing, Leach, Herlong, et al.<br>Laclede Building, Suite 2000<br>150 Government Street<br>P.O. Box 2767<br>Mobile, AL 36652 | => SmithKline Beecham Corp.; SmithKline Beecham Corp. dba GlaxoSmithKline |
| Holstein, Robert A.<br>Stern, Holstein, Zimmerman & Hanson<br>70 East Walton<br>Floors 11 & 12<br>Chicago, IL 60611 | => Weber, Ronald |
| Hutton, Andrew W.<br>Hutton & Hutton<br>8100 East 22nd Street<br>North Building 1200<br>P.O. Box 638<br>Wichita, KS 67201 | => Boling, Juanita; Davis, Ronald O.* |
| Irving, Stephen M.<br>12812 Coursey Blvd.<br>Baton Rouge, LA 70816 | => Jackson, Ada; Love, Mary Lou; Triplett, Juanita |
| Lemoine, Gano D. III.<br>Murray Law Firm<br>909 Poydras Street<br>Suite 2550, LL&E Tower<br>New Orleans, LA 70112 | => Naegele, Carol Arlene*; Naegele, Fred W.* |

NOTE: Please refer to the title page for complete report scope and key.
  *  Signifies that an appearance was made on behalf of the party by the representing attorney.
  #  Specified party was dismissed in some, but not all of the actions in which it was named as a party.
  NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

CASE 0:11-cv-01313-MJD-SER   Document 6   Filed 06/13/11   Page 9 of 10

December 18, 2001
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST
Page: 3
(1,431 Panel Attorney Service List Cont'd)

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Lockridge, Richard A.<br>Lockridge Grindal Nauen, PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN  55401 | => Krohn, William J.* |
| Lueckenhoff, Terry<br>Lueckenhoff & Brittingham, PC<br>The Security Building<br>319 North Fourth Street<br>Suite 600<br>St. Louis, MO  63102 | => Bayer Pharmaceutical Division |
| Magaziner, Fred T.<br>Dechert Price & Rhoads<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA  19103 | => GlaxoSmithKline Corp.*; GlaxoSmithKline fka SmithKline Beecham; GlaxoSmithKline, Inc.; GlaxoSmithKline, PLC* |
| Mahfood, George G.<br>Leesfield, Leighton, Rubio & Mahfood, P.A.<br>2350 South Dixie Highway<br>Miami, FL  33133 | => Elias-Vecchione, Barbara* |
| Manchur, Edward L.<br>Gilman & Pastor, L.L.P.<br>Stonehill Corporate Center<br>999 Broadway<br>Suite 500<br>Saugus, MA  01906 | => Smithe, Otis* |
| Miller, Mike<br>Solberg, Stewart, Miller & Johnson, Ltd.<br>P.O. Box 1897<br>Fargo, ND  58107 | => Wrigley, Howard |
| Moll, Kenneth B.<br>Kenneth B. Moll & Associates, Ltd.<br>Three First National Plaza<br>54th Floor<br>Chicago, IL  60602 | => Cohen, Ronald*; Freden, Marjorie*; Gupta, Prem*; Julien, Larry*; Kuta, William*; Matzner, Brenda*; Pervaiz, Kalid*; Zuckerman, Adrian* |
| Nagel, Bruce H.<br>Nagel, Rice, Dreifuss & Mazie<br>301 South Livingston Avenue<br>Suite 201<br>Livingston, NJ  07039 | => Galasso, Salvatore |
| Nast, Dianne M.<br>Roda & Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA  17601 | => Rivera, Heriberto |
| Newcomber, John Ray Jr..<br>James, Hoyer, Newcomer, & Smiljanich<br>One Urban Centre<br>Suite 147<br>4830 West Kennedy Boulevard<br>Tampa, FL  33609 | => Canter, Dolores |

NOTE: Please refer to the title page for complete report scope and key.
  * Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Schatz, Andrew M.<br>Schatz & Nobel, P.C.<br>330 Main Street<br>Hartford, CT 06106 | => Corasio, Susan |
| Schiffrin, Richard S.<br>Schiffrin & Barroway, LLP<br>Three Bala Plaza East<br>Suite 400<br>Bala Cynwyd, PA 19004 | => Rosenthal, Diane* |
| Sorey, Charles E. II.<br>Ramsey Law Firm, P.C.<br>21 North Florida Street<br>Mobile, AL 36607 | => Davis (Deceased By & Through Ruby), Johnson Lee |
| Thompson, Jason J.<br>Charfoos & Christensen, P.C.<br>5510 Woodward Avenue<br>Detroit, MI 48202 | => Glazer, Ionel* |
| Yates, Alfred G. Jr.<br>Law Office of Alfred G. Yates, Jr.<br>429 Forbes Avenue<br>519 Allegheny Building<br>Pittsburgh, PA 15219 | => Hickerson, Patricia; Jones, Maude E.; Lighter, Gloria; Roberts, Raymond L.* |

NOTE: Please refer to the title page for complete report scope and key.
  * Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.